BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent, was tried, without a jury, for burglary of a 7-11 store, convicted, and sentenced to five years imprisonment. Appeal followed from a proper judgment.
It appears from the evidence that on Christmas morning of December, 1977, Officer Joe Smiley was on foot patrol duty in a mall area in Prichard, in Mobile County.
This officer, a witness for the State, testified that while on patrol near the alleged 7-11 store, during a drizzly rain, he saw Lome Hill, the defendant, and two other men, whom he recognized, walking between two buildings about fifty feet from the 7-11 store. The three were talking loudly. He observed them closely and noticed their shoes. The street light enabled this observation. This was around 12:30 a. m. There were no other people around. The store was closed as he observed.
Officer Smiley had known defendant for four or five years. He also testified without objection that Hill was a “known burglar”.
The officer did not say anything to the men, but continued his foot patrol and returned to the store in about thirty minutes, at which time he saw that the front door of the 7-11 store had been broken into. He went inside the store, through the broken front door, and saw that a watch and jewelry display case was missing.
Officer Smiley reported the burglary and called for a back-up police car. He then walked out of the store to the rear of the store where he found the watch case which had contained the watches. They were not in the case. He was familiar with the case which he had seen in the store on other occasions.
Officer Smiley decided to go to King’s Club, a distance of about two and one-half blocks from the store. There, he contacted the manager, Mr. Harris, who worked at the door.
Mr. Harris stated that he stopped three teenagers at the door who were asking if *407 anyone wanted to buy some watches. Mr. Harris described Hill but did not identify him.
Smiley then went to Hill’s home which was full of people, including Hill’s mother and Larry Anthony, one of the two with Hill in the area of the store. The back-up officer, Bethea, had already arrived at Hill’s home and placed Hill under arrest pursuant to Smiley’s direction.
It appears from the evidence the defendant, Lome Hill, had an identical twin brother named Dome.
Smiley testified that he knew the difference between the two and was positive that it was the defendant, Lome Hill, and not the other twin, Dome, that he saw at or near the store. We pause here to say that during the trial, Dome was brought into court to see if Smiley could recognize the difference between the two. The officer turned his head while Dome was brought into court for display with Lome. However, the witness was able to identify Lome. Ironically, the mother was brought in to identify the two so as to be sure that Lome was still in court and not Dome. Smiley was positive that it was Lome he saw outside the store. Defense called the in-court identification a “lucky guess”.
The trial court overruled appellant’s motion to exclude the evidence about the arrest of Hill on the ground that probable cause was not established.
Officer Smiley took Hill’s shoes off his feet and went back to the 7-11 store. He actually put one of defendant’s shoes in the foot track; also one of Anthony’s shoes in a foot track. (Anthony was one of the three first observed outside the store). The shoes were the same size. He testified that their was no difference in the two tracks from the two different shoes; they were the same. The court overruled defense objection because the witness was not shown to be an expert.
T. C. James, a detective with the Prichard Police, took a statement from defendant around one o’clock p. m. of the next day after he was arrested. The State intro-dueed a waiver of rights signed by defendant. James read the form to Hill and asked him if he understood it. Hill said that he did. James made no promises or threats to Hill, nor did any other person in his presence. Witness and Hill were the only persons in the room at the time. James then asked Hill some questions. He wrote down both. Hill read it and signed it. The defendant acknowledged the burglary.
Marion Chestang, (a final witness) testified that she was an employee of 7-11 and closed the store about 11 p. m., December 24,1977. Ms. Chestang saw the front door had been broken and the watches were missing. She further testified that no one had permission to be in the store that night.
I
As we understand appellant’s argument, he contends that the record fails to show that the confession was voluntarily made.
As to that assertion of error we think the record fully supports appellant’s contention to the contrary. The confession was taken in a room where and when ho one was present but the witness and defendant. The detective, Sergeant James, testified that he fully explained and read to defendant his rights as the same appears in the exhibit (1) in evidence; also he testified that there was no intimidation made or inducement offered to get defendant to make the statement. It is to be noted that defendant did not testify at any time during the trial nor did he offer any evidence.
It does appear in the record that defendant was seventeen years of age when the burglary occurred. The defendant was in court and the trial judge had an opportunity to observe defendant’s physical stature and possibly his mental maturity. It does not appear in the record that defendant was mentally or physically immature. We do not think defendant’s age was a factor that induced the confession and the waiver.
II
Appellant further asserts that the confession was not admissible because the arrest *408 of defendant was made without probable cause for making the arrest. We are not in accord with this contention.
We think probable cause for making the arrest was properly shown by proof that Officer Smiley observed the defendant and two others loitering around the vicinity of the burglarized area only thirty minutes before the officer came back and discovered the breakin; that this officer missed a case that contained jewelry and some watches; that he saw human footprints leading from the front of the store to the rear of the building where he found the watch case; that he immediately went to King’s Club where he learned from Mr. Harris, the manager, that three teenagers had asked him late that night if he knew anyone who wanted to buy some watches. Mr. Harris’ description of one of the group fitted defendant, who, as we have noted, Officer Smiley had seen with two others loitering around or near the 7-11 store. Also the officer knew that defendant was a “known burglar”. We think this information was sufficient to establish probable cause that defendant was the culprit who committed or participated in the burglary. The arrest was properly made by an associate officer who was directed to do so by Officer Smiley.
Ill
Appellant also contends that the confession should not have been admitted because at the time the corpus delicti of the alleged offense had not been proven. We cannot agree. Officer Smiley had already testified about foot patrolling the store area and thirty minutes later he returned and found the front door was broken, open, and the watch case, which was there earlier, was missing; that he found the case back of the store. We think the evidence was sufficient to prove the burglary.
But if not, the State fully established the burglary before it rested. This was done by the manager who testified about the brea-kin and the missing watch case and that she did not authorize anyone to enter the building which was closed when she left about 11:00 p. m. on the night of December 24, 1977.
There was no error in admitting the right’s waiver and the confession in evidence.
Appellant next contends “that the evidence obtained as an incident to such arrest should have been excluded”. In this respect, defendant asserts that the testimony “that the shoes were taken from Hill and matched with the tracks should have been excluded”. The evidence was not the product of an illegal search of defendant. Defendant voluntarily permitted the officer to remove his shoes which were taken to the tracks at the store and there it was ascertained that the footprints and the shoes matched. James v. State, 54 Ala.App. 458, 309 So.2d 495.
There is no evidence in the record that defendant was compelled to take off his shoes and surrender them to the officer. As we have already noted, defendant did not take the stand nor did he file a motion for a new trial. Washington v. State, 55 Ala.App. 116, 313 So.2d 544(2).
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.